Christine Lebron-Dykeman (SBN 207070)
McKee, Voorhees & Sease, PLC
801 Grand Avenue, Suite 3200
Des Moines, IA 50309
Telephone: 515-288-3667
Facsimile: 515-288-1338
Email: christine.lebron-dykeman@ipmvs.com

Attorney for Plaintiff
ROOT FOUR IMAGINATION, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROOT FOUR IMAGINATION, INC., | |
| Plaintiff | Case No. 5:20-cv-2343 |
| v. | **COMPLAINT FOR TRADEMARK INFRINGEMENT** |
| THINKCAR TECH INC., THINKCAR, INC. | **JURY DEMAND** |
| Defendants. | |

COMES NOW Plaintiff Root Four Imagination Inc. for their Complaint against Defendants ThinkCar Tech Inc. and ThinkCar Inc., and states:

1

Complaint

## THE PARTIES

1. Plaintiff Root Four Imagination Inc. ("Root Four") a Newfoundland and Labrador, Canada corporation, with its principal place of business at 1027 Topsail Road, Suite 302, Mount Pearl A1N 5E9, Newfoundland and Labrador, Canada ("Root Four") owns U.S. Trademark Registration Nos. 3,988,963 for the mark "SAFEDRIVER", 3,988,964 for the mark "ALERTDRIVER", 3,988,965 for the mark "ECONODRIVER", 4,549,867 for the mark "BLUEDRIVER", and 5,885,692 for the mark "HEAVYDRIVER", and has pending federal trademark application, U.S. Application Serial No. for the mark 87/960,482 for the mark "TESTDRIVER".

2. Defendant ThinkCar Tech Inc. is a citizen of California. Said corporation is registered with the California Secretary of State, and resides at 720 S. Rochester Ave. Unit B, Ontario, California.

3. Defendant ThinkCar Inc. is a citizen of California. Said corporation is registered with the California Secretary of State, and resides at 2151 S. Haven Ave. Unit 203, Ontario CA 91761.

## JURISDICTION AND VENUE

4. Count I arises under the laws of the United States prohibiting infringement of federally registered trademarks, specifically the Lanham Act, 15 U.S.C. § 1114. Jurisdiction in this Court over this claim is thus proper per 28 U.S.C. § 1331.

5. Count II arises under the Lanham Act, 15 U.S.C. § 1125(a). Jurisdiction in this

Court over this claim is thus proper per 28 U.S.C. § 1331.

6.  Count II arises under the common law, and supplemental jurisdiction over this claim is proper per 28 U.S.C. § 1367.

7.  The amount in controversy exceeds the value of $75,000.

8.  The Plaintiff is a citizen of Canada and Defendants are citizen of California. Accordingly, jurisdiction for all Counts is proper under 28 U.S.C. § 1332(a)(2).

9.  Defendants ThinkCar Tech Inc. and ThinkCar Inc. (collectively "Defendants") has infringed, and continues to infringe, Root Four's federally registered trademarks, and Root Four's rights under the common law, leading to the sale and distribution of Defendants' products to residents and citizens of the United States.

10.  This Court has personal jurisdiction over Defendants at least because Defendants are citizens of California residing in Ontario, and because Defendants have engaged in the infringing and unlawful conduct in the advertising for sale, offers for sale, and sales of the accused products in California, including within this District, and created a likelihood of confusion as to the source, origin, sponsorship, endorsement, or affiliation within this District.

11.  Venue is proper in this District on Root Four's claims pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events causing the claims occurred in this District. ThinkCar resides in this District and sells the infringing products from this District.

# FACTS

## Root Four's Rights

12. Root Four repeats and realleges as if fully set forth herein the facts and allegations of all the preceding paragraphs.

13. Root Four is a small Canadian entity that has been developing and designing automotive telematics and diagnostic tools in the United States since 2006.

14. In 2010 Root Four began selling its SAFEDRIVER-brand device within United States interstate commerce which device plugged into a vehicle's OBDII port, tracking a driver's maximum speed, distance traveled and sudden braking, and wirelessly transmitting this information to a keychain LCD display.

15. Also starting in 2010, Root Four introduced into interstate commerce the ALERTDRIVER and ECONODRIVER branded devices that worked in a similar manner to the SAFEDRIVER device.

16. In 2011, Root Four introduced into interstate commerce its BLUEDRIVER smart wireless telematics diagnostic device that likewise plugged into a vehicle's OBDII port and tracked various vehicle diagnostics, but which transferred information wirelessly to electronic devices such as a mobile phone or tablet, and displayed the information in an App on the owners' phone or tablet.

17. Following the substantial success of the BLUEDRIVER device for automobiles, small trucks and SUVs, in 2016 Root Four commercially introduced into

interstate commerce its HEAVYDRIVER telematics monitor which plugs into the OBDII port in industrial, agricultural and construction vehicles and equipment to collect performance, operation and diagnostics data for processing on devices such as a mobile phone or tablet.

18. Root Four has federally registered its SAFEDRIVER, ALERTDRIVER, ECONODRIVER, BLUEDRIVER, and HEAVYDRIVER trademarks, shown in U.S. Registration Nos. 3,988,963, 3,988,964, 3,988,965, 4,549,867, and 5,885,692 respectively. *See* Exhibits 1-5 attached. All these registrations are in full force and effect.

19. Pursuant to 15 U.S.C. §§ 1065 and 1115(b), U.S. Registration Nos. 3,988,963, 3,988,964, 3,988,965, and 4,549,867 have all achieved incontestability status. *See* Exhibits 1-4. This status serves as conclusive evidence of Root Four's ownership of these marks and its exclusive right to use (or license) these marks with the goods and services noted in the registrations.

20. Root Four is also the owner of U.S. Application Serial No. 87/960,482 for the mark TESTDRIVER for use in connection with "A downloadable software application that works with an electronic wireless vehicle sensor that monitors performance, operation and diagnostics data of used automobiles and trucks." *See* Exhibit 6.

21. All these marks are owned by Root Four, have the identical DRIVER suffix and are used for automotive diagnostic tool devices.

5

Complaint

22. All of Root Four's registered marks are registered on the Principal Register without any required showing of secondary meaning, evidencing that these marks are conceptually strong.

23. Root Four's TESTDRIVER mark has also been approved for registration on the Principal Register without any required showing of secondary meaning, evidencing that this mark is conceptually strong.

24. Root Four has established a family of "_____DRIVER" marks (the "DRIVER family of marks") to designate a single source of origin for its automotive-related goods including vehicle diagnostic equipment.

25. Root Four has invested time and money in promoting its goods and services under the DRIVER family of marks and it continues to use and promote its goods and services under these marks. Thus, this family of marks is commercially strong, and represents a valuable good will asset of Root Four.

26. Root Four's customers and potential customers are do-it-yourself car owners and enthusiasts, professional auto mechanics and the general public in the market for automotive diagnostic devices.

27. By Root Four's sales, advertising, and promotion of goods and services under the DRIVER family of marks, this brand has become recognizable by the public as exclusively denoting Root Four and its products.

28. The DRIVER family of marks signifies high-quality vehicle diagnostic tools

originating exclusively from a single source.

29. The DRIVER family of marks conveys substantial goodwill in relation to Root Four.

30. Root Four has possessed nationwide priority for its DRIVER family of marks since 2010, long before Defendants adopted the THINKDRIVER mark.

**Defendants' Infringing Activities**

31. Upon information and belief, in or around August 2020, Defendants appropriated a DRIVER formative mark to sell vehicle diagnostic tool products that directly compete with Root Four's products, which is likely to cause consumer confusion in the marketplace.

32. Upon information and belief, Defendants' adoption of the THINKDRIVER mark was done purposefully, intentionally and willfully so as to gain commercial advantage, including immediate recognition and acceptance by the consuming public based upon Root Four's BLUEDRIVER mark and other DRIVER family of marks and the goodwill associated with said marks.

33. Defendants have purposefully acted to position their THINKDRIVER product as a less expensive, but equally functional version of Root Four's BLUEDRIVER product.

34. Upon information and belief, Defendants' customers and potential customers are do-it-yourself car owners and enthusiasts, professional auto mechanics and the

general public in the market for automotive diagnostic devices.

35. Defendants' advertising of the THINKDRIVER product includes the following chart as found on Defendants' website:



36. Defendants' THINKDRIVER mark follows the same syntax as the "Driver" family of marks.

37. Defendants' THINKDRIVER mark is confusingly similar in sight, sound, meaning and commercial impression to Root Four's DRIVER family of marks.

38. Defendants' THINKDRIVER-brand diagnostic scanner tools are identical or nearly identical to the goods offered by Root Four under its BLUEDRIVER and HEAVYDRIVER marks and related to the automotive tools offered by Root Four under its SAFFEDRIVER, ALERTDRIVER, and ECONODRIVER marks.

8

Complaint

39. Both parties' market and offer for sale their respective DRIVER products on web-based platforms such as Amazon.com.

40. Consumers encounter the Defendants' and Root Four's marks in the same and similar channels of trade.

41. The telematics and diagnostic tools offered by Defendants and Root Four are offered to the same or nearly identical groups of consumers and potential consumers and, thus, are likely to be marketed and sold to the same overlapping purchasers.

42. As the diagnostic tools offered by Defendants and Root Four both cost less than $100/unit, a low degree of care is likely to be exercised by purchasers in selecting the goods.

## COUNT I
### FEDERAL TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT, 15 U.S.C. § 1114

43. Root Four repeats and realleges as if fully set forth herein the facts and allegations of all the preceding paragraphs.

44. Defendants' use of the THINKDRIVER mark, without Root Four's consent, constitutes infringement of the DRIVER-family of marks in violation of 15 U.S.C. § 1114 in that, among other things, Defendants' use of THINKDRIVER alone or combined with other words or symbols, has created or will continue to create a likelihood of confusion amongst the consuming public as to the source, origin, sponsorship, endorsement, or affiliation of the goods being offered.

45. Defendants were founded and are owned by individuals proficient in car maintenance and master mobile Internet technology, the vast majority of whom have been engaged in technology research and development in related fields for many years prior to the founding of Defendants in the Los Angeles area.

46. The founders of Defendants, and others associated with Defendants, would have actual and/or constructive knowledge of Root Four's products and its DRIVER family of marks.

47. Root Four advertises its DRIVER family products using an ® symbol, showing the marks are registered by the United States Patent and Trademark Office, and example of which is shown below:



48. Defendants' actions in adopting and using a DRIVER based mark to commercially introduce and sell a directly competing product are intentional and willful.

49. An elementary review of trademarks registered on the United States Patent and Trademark Registry within the relevant field of goods shows Root Four's existing

federal registrations for the SAFEDRIVER, ALERTDRIVER, ECONODRIVER, BLUEDRIVER, and HEAVYDRIVER marks, and its prior use of these marks.

50. Defendants' purposeful reference to the BLUEDRIVER mark, shown as B***DRIVER on its website, which reference further shows Defendants' actual knowledge of at least Root Four's BLUEDRIVER mark.

51. Defendants' acts have caused, and will continue to cause, damage to Root Four and erode and otherwise jeopardize the goodwill symbolized by the DRIVER-family of marks mark which goodwill has been established over the course of ten years.

52. Defendants' acts cause immediate, serious, and irreparable injury to Root Four for which Root Four does not have an adequate remedy at law.

## COUNT II
## FALSE DESIGNATION OF ORIGIN AND TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a)

53. Root Four repeats and realleges as if fully set forth herein the facts and allegations of all the preceding paragraphs.

54. Defendants' use of the THINKDRIVER mark in connection with the sale wireless automotive diagnostic scanner tools is a false designation of origin and an infringement of Root Four's nationwide common law rights in the DRIVER-family of marks, because such use is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants and/or the THINKDRIVER diagnostic tool with Root Four, and/or as to the origin, sponsorship or approval by Root

11

Complaint

Four of the goods advertised, promoted, sold, and distributed by Defendants.

55. Defendants' acts are intentional and willful.

56. Defendants' acts have caused, and will continue to cause, damage to Root Four and jeopardize the entire goodwill symbolized by the DRIVER-family of marks causing immediate, serious, and irreparable injury to Root Four for which Root Four does not have an adequate remedy at law.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

57. Root Four repeats and realleges as if fully set forth herein the facts and allegations of all the preceding paragraphs.

58. By having used and continuing to sell marks under one or more of its DRIVER family of marks in California since 2011, Root Four has acquired significant common law trademark rights in its DRIVER-family of marks.

59. Defendants' use of THINKDRIVER alone or combined with other words or symbols, has created or will continue to create a likelihood of confusion amongst the consuming public as to the source of the good being offered.

60. Defendants' acts also constitute unfair competition in violation of California common law.

61. Defendants' acts are intentional and willful.

62. Defendants' acts have caused, and will continue to cause, damage to Root

Four and jeopardize the entire goodwill symbolized by the DRIVER-family of marks causing immediate, serious, and irreparable injury to Root Four for which Root Four does not have an adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Root Four prays for the following relief:

(I)     For a judgment that use by Defendants of THINKDRIVER or other confusingly similar terms, either alone or in connection with other words or symbols, constitutes federal and common law trademark infringement, false designation of origin, and unfair competition;

(II)    For a preliminary and permanent injunction preventing Defendants and their officers, employees, agents, servants, licensees, attorneys, successors-in-interest, and those acting in concert therewith, from using THINKDRIVER or any variant of DRIVER, either alone or in connection with other words or symbols;

(III)   That Root Four be awarded actual damages for the harm suffered resulting from Defendants' infringing conduct.

(IV)    That Root Four be awarded all profits derived by Defendants from their infringing conduct;

(V)     That Root Four be awarded an appropriate monetary award for corrective advertising;

(VI)    For a judgment that this case is "exceptional" under 15 U.S.C. § 1117;

(VII)   That Root Four be awarded its costs and attorneys' fees for bringing and

prosecuting this action; and

(VIII)  That Root Four be awarded such other and further relief as is just and equitable.

**DEMAND FOR JURY TRIAL**

Root Four demands a jury trial on all issues so triable.

Dated:  November 10, 2020              Respectfully Submitted,

                                                      McKee, Voorhees & Sease, PLC

                                        By:  /s/ Christine Lebron-Dykeman
                                             Christine Lebron-Dykeman (SBN 207070)
                                                     Attorneys for Plaintiff
                                                  ROOT FOUR CORPORATION, INC.